IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID SCHNEE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 5:17-CV-398 (MTT)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Plaintiff's motion for default judgment (Doc. 7). For the following reasons, the motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Two nonparties, Yancey and Big D's, entered into two separate installment sale contracts ("the Contracts"). Doc. 1 ¶¶ 7-8. Plaintiff is the assignee of Yancey's interest in and rights and remedies under the Contracts, while Defendant is the guarantor of Big D's indebtedness, obligations, and liabilities under the Contracts. *Id.* ¶¶ 9-10. Plaintiff claims that Big D's and Defendant "defaulted under each of the Contracts and the Guaranty by, among other things, failing to pay amounts as they became due." *Id.* ¶ 11.

On October 6, 2017, after Big D's filed for bankruptcy and failed to remit payments to Plaintiff pursuant to its Chapter 11 Plan of Reorganization, Plaintiff's attorney sent Defendant a letter via certified mail. Docs. 1 ¶ 12; 1-6 at 2. In that letter, Plaintiff's attorney informed Defendant that Big D's was "unable to cure the default" and

that Plaintiff is seeking from Defendant "immediate payment of the total outstanding indebtedness owed pursuant to the terms of the security agreements." *Id.* The letter also advised Defendant, as notice pursuant to O.C.G.A. § 13-1-11, that "unless full payment of the outstanding principal and interest is made within ten (10) days from receipt hereof, [Plaintiff] will have no alternative but to enforce the provisions in the loan documents relative to the payment of statutory attorneys' fees, in addition to the provisions regarding principal, interest, late fees, and costs of collection." *Id.*

On October 18, 2017, Plaintiff filed suit against Defendant, seeking "outstanding and unpaid indebtedness due under the Contracts as of October 15, 2017" in the amount of $342,222.17, "with additional interest to accrue at the total per diem rate of $41.18 per day thereafter." Doc. 1 ¶ 14. Plaintiff also seeks "attorneys' fees and expenses of collection, pursuant to the Contracts, the Guaranty and applicable law." *Id.* ¶ 16. Defendant was served with a summons on October 25. Doc. 5 at 1. Because Defendant did not answer or otherwise defend, Plaintiff obtained an entry of default on December 6. Doc. 6. The Plaintiff now moves for default judgment. Doc. 7. Defendant has not responded to Plaintiff's motion.

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise." After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff

must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already on the record. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("We have held that no such hearing is required where all essential evidence is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court *may* conduct hearings . . . ." (emphasis added)).

After the Clerk's entry of default, a defendant is deemed to admit all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] An entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment, however. The defendant is not deemed to admit (1) facts that are not well-pleaded or (2) conclusions of law. *Id.* "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law. In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga.) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)). The defendant is not deemed to admit the plaintiff's allegations relating to the amount of damages, also. *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters . . . .").

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

**A.     Jurisdiction and Liability**

The factual allegations in the complaint, deemed admitted by Defendant, establish that Plaintiff is a Delaware corporation with its principal place of business in Nashville, Tennessee and that Defendant is a citizen of the State of Georgia.  Doc. 1 ¶¶ 1-2.  The amount in controversy exceeds $75,000.  *Id.* ¶ 3.  Therefore, the Court possesses diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.  The allegations also show that the Court holds personal jurisdiction over Defendant.  *Id.* ¶ 4.

Moreover, the factual allegations show that Defendant is a guarantor of the debts owed to Plaintiff, that he has failed to pay the amounts owed under the Contracts, and that Plaintiff has a right to recover the amounts owed.  *See* Docs. 1; 1-1; 1-3; 1-4; 1-5; 1-6 (setting forth the terms of the Contracts and Defendant's Guaranty, the assignment of the interest and rights under the Contracts to Plaintiff, and Defendant's default).

**B.     Damages**

An evidentiary hearing is not necessary to determine damages because there is sufficient evidence on record.

**1.  Principal, accrued interest, and unpaid late fees**

The factual allegations, deemed admitted, show that as of the date of this Order, Defendant is liable for $309,646.57 in principal; $17,992.18 in accrued interest; $3,068.60 in unpaid late fees; and $15,675.00 in asset recovery and transport charges. *See* Doc. 1 ¶¶ 20-21 (setting forth the principal; the amount of accrued and unpaid interest of $3,979.80 as of October 15, 2017 under Contract 1 and $9,853.20 as of October 15, 2017 under Contract 2; the total ongoing per diem interest rate of $41.18 for Contract 1 ($9.90) and Contract 2 ($31.28) between October 15, 2017 and the date

of this judgment, totaling 101 days; the amount of unpaid late fees; and the amount of asset recovery and transport charges). Defendant is therefore liable for $346,382.35 in total principal, accrued interest, late fees, and charges.

### 2. Attorney's fees

Pursuant to O.C.G.A. § 13-1-11(a), "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness . . . shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity." If the loan documents provide for attorneys' fees in an unspecified amount, as here, "such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note . . . and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." O.C.G.A. § 13-1-11(a)(2). A party seeking to collect attorney's fees allowed by this statute must give the debtor written notice after maturity, and the notice must state the debtor has ten days to pay the principal and interest due without being liable for attorney's fees. O.C.G.A. § 13-1-11(a)(3). If all these requirements are met, the provision for attorney's fees is enforceable. *TermNet Merch. Servs., Inc. v. Phillips*, 277 Ga. 342, 344, 588 S.E.2d 745, 747 (2003).

The factual allegations in the complaint and attached correspondence show the above requirements have been met. Accordingly, Defendant is liable for attorney's fees in the amount of 15% of $500 and 10% of the remaining principal and accrued interest ($327,638.75). Defendant is therefore liable for $32,838.88 in attorney's fees.

## III. CONCLUSION

The Plaintiff's motion for default judgment (Doc. 7) is **GRANTED**. Judgment shall be entered against Defendant in the total amount of $379,221.23, which includes principal due under the Contracts and Guaranty, accrued interest, unpaid late fees, asset recovery and transport charges, and attorney's fees.

**SO ORDERED**, this 24th day of January, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
